IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MARCOS DEL MORAL-BIELMA | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 1:16-148 |
| | § | Criminal No. 1:15-96-3 |
| UNITED STATES OF AMERICA, | § | |
|     Respondent. | § | |

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

On June 27, 2016, Petitioner Marcos Del Moral-Bielma ("Del Moral-Bielma") filed a Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255. Dkt. No. 1.

The Court has an independent obligation to review the record and the pleadings. Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS. After reviewing the record and relevant case law, the Court **RECOMMENDS** Del Moral-Bielma's motion be **DENIED** because Del Moral-Bielma waived his right to file this petition. Furthermore, his claims are legally and substantively meritless.

**I. Procedural and Factual Background**

On February 10, 2015, Del Moral-Bielma was charged by a federal grand jury – sitting in Brownsville, Texas, – in a two count indictment, with: (1) conspiracy to possess with intent to distribute a quantity of more than 100 kilograms of marihuana; and (2) possession with intent to distribute more than 100 kilograms of marihuana, in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2. U.S. v. Marcos Del Moral-Bielma, Criminal No. 1:15-96-3, Dkt. No. 21 (hereinafter "CR").

**A. Rearraignment & Waiver of Appellate Rights**

On April 21, 2015, Del Moral-Bielma entered a guilty plea before the Magistrate Judge to Count Two – possession with intent to distribute more than 100 kilograms of

marihuana. CR Dkt. No. 58, p. 1.  His guilty plea was pursuant to a written agreement.  As part of the plea agreement, Count One was to be dismissed. Id., p. 2.

Del Moral-Bielma's written plea agreement indicates that he knowingly and voluntarily waived his appellate rights. CR Dkt. No. 58, ¶ 11.

Paragraph 11 of the plea agreement provides:

> Defendant is aware that Title 18, United States Code, § 3742, affords a defendant the right to appeal the conviction and sentence imposed.  The defendant knowingly and voluntarily waives the right to appeal the conviction and the sentence imposed, or the manner in which the sentence was determined.  Additionally, the defendant is aware that Title 28, United States Code, § 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the conviction or sentence has become final.  The defendant knowingly and voluntarily waives the right to contest his/her conviction or sentence by means of any post-conviction proceeding.  If the defendant files a notice of appeal following the imposition of sentence, the government will seek specific performance of this provision.

CR Dkt. No. 58, ¶ 11.

On that same day – April 21, 2015 – the Magistrate Judge issued a report and recommendation, which recommended that the District Judge accept Del Moral-Bielma's guilty plea. CR Dkt. No. 59.

### B. Sentencing & Direct Appeal

In the final presentence report ("PSR"), Del Moral-Bielma was assessed a base offense level of 24 for possession with intent to distribute approximately 368.25 kilograms of marihuana. CR Dkt. No. 73, p. 7.  Del Moral-Bielma received a three-level reduction for acceptance of responsibility. Id.  Thus, Del Moral-Bielma was assessed a total offense level of 21.

Regarding his criminal history, De Moral-Bielma had five adult criminal convictions and was assessed six criminal history points. CR Dkt. No. 73, pp. 8-10.  This resulted in a criminal history category of III. Id., p. 10.  Based upon Del Moral-Bielma's offense level of 21 and criminal history category of III, the presentence report identified a guideline sentencing range of 47 to 57 months of imprisonment. Id., p. 13.

On July 27, 2015, the District Court adopted the Magistrate Judge's report and recommendation, and accepted Del Moral-Bielma's guilty plea. CR Dkt. No. 83. That same day, the District Court sentenced Del Moral-Bielma to 40 months imprisonment, four years of supervised released, and a $100 special assessment fee. CR Dkt. No. 96. The judgment was entered on August 18, 2015. Id.

Neither the District Court docket nor the Fifth Circuit docket reflect the filing of a direct appeal.  A notice of appeal must be filed within fourteen (14) days from the entry of judgment. See FED. R. APP. P. 4(b)(1)(A), 26(a)(2).  Therefore, Del Moral-Bielma's deadline for filing a notice of appeal passed on September 1, 2015. Id.

### C. Motion to Vacate, Set Aside or Correct Sentence Pursuant to § 2255

On June 27, 2016, Del Moral-Bielma timely filed a motion pursuant to 28 U.S.C. § 2255, requesting that the District Court vacate, set aside, or correct his sentence. Dkt. No. 1. In his motion, Del Moral-Bielma asserts that his sentence was unlawfully enhanced under the Armed Career Criminal Act ("ACCA") because he was subject to the residual clause that was deemed unconstitutional in Johnson v. U.S., 135 S. Ct. 2551 (2015). Dkt. No. 1, p. 1.

Pursuant to Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS, because the petition is meritless on its face, the Court has not ordered the Government to respond to the petition.

## II. Applicable Law

### A. Section 2255

Del Moral-Bielma seeks relief pursuant to 28 U.S.C. § 2255. Dkt. No. 1. That section provides, as relevant here:

> (a) A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Where a petitioner exhausts or waives his direct appeal, the Court is entitled to presume that he stands fairly convicted. U.S. v. Frady, 456 U.S. 152, 164 (1982); U.S. v. Willis, 273 F.3d 592, 595 (5th Cir. 2001).  A petitioner who seeks to challenge a final conviction by collateral attack, can do so on constitutional or jurisdictional grounds. 28 U.S.C. § 2255(a); U.S. v. Shaid, 937 F.2d 228, 233 (5th Cir. 1991).  Generally, a petitioner may not raise on collateral attack issues that he failed to raise on direct appeal, absent a showing that the error constituted a "fundamental defect which inherently results in a complete miscarriage of justice." U.S. v. Addonizio, 442 U.S. 178, 185 (1979); Hill v. U.S., 368 U.S. 424, 428 (1962).

## III. Analysis

A court may entertain and decide a § 2255 motion without requiring the production of the prisoner at a hearing. 28 U.S.C. § 2255.  Further, a district court may deny a § 2255 motion without an evidentiary hearing "only if the motion, files, and records of the case conclusively show the prisoner is entitled to no relief." U.S. v. Bartholomew, 974 F.2d 39, 41 (5th Cir. 1992).  The record in this case satisfies this requirement, for which reason the motion can be decided without a hearing.

In analyzing Del Moral-Bielma's claim, the Court is required to construe allegations by pro se litigants liberally, to ensure that their claims are given fair and meaningful consideration, despite their unfamiliarity with the law. Haines v. Kerner, 404 U.S. 519, 520 (1972).  Even applying this standard, neither the record – nor the law – support Del Moral-Bielma's claim.

### A. Waiver of Appellate Rights

Del Moral-Bielma waived his right to appeal or collaterally attack his sentence when he entered into the plea agreement with the United States.  This waiver bars relief under 28 U.S.C. § 2255. U.S. v. Wilkes, 20 F.3d 651, 653 (5th Cir. 1994).[1]

---

[1] While the Court has not required the United States to reply to Del Moral-Bielma's petition, the Court "is entitled to conclude that the government wishes what it bargained for." U.S. v. Del Toro-Alejandre, 489 F.3d 721, 723-24 (5th Cir. 2007).  Even if Del Moral-Bielma had not waived his appellate rights, the result would be no different, as his claims are substantively meritless.

"A defendant may waive his statutory right to appeal as part of a valid plea agreement, provided (1) his or his waiver is knowing and voluntary, and (2) the waiver applies to the circumstances at hand, based on the plain language of the agreement." U.S. v. Rodriguez-Estrada, 741 F.3d 648, 650 (5th Cir. 2014). In order for the waiver to be knowing and voluntary, "a defendant must know that he had a right to appeal his sentence, and that he was giving up that right." U.S. v. Portillo, 18 F.3d 290, 292 (5th Cir. 1994).

The record clearly indicates that Del Moral-Bielma knowingly and voluntarily waived his appellate rights. Del Moral-Bielma's plea agreement expressly states that he was aware of his right to directly appeal his sentence pursuant to 18 U.S.C. § 3742, and his right to collaterally attack his conviction and sentence, pursuant to 28 U.S.C. § 2255. CR Dkt. No. 58. That same paragraph also indicates that Del Moral-Bielma agreed to waive those rights.

Del Moral-Bielma has not provided any evidence to indicated that he was unaware of or misunderstood any of the terms within the plea agreement; nor has he provided evidence to indicate that he pled guilty involuntarily. Consequently, the record establishes, without a doubt, that Del Moral-Bielma's waiver was knowingly and voluntarily made.

Moreover, Del Moral-Bielma's waiver clearly applies to this case. He is attempting to collaterally attack his conviction and sentence pursuant to 28 U.S.C. § 2255, an avenue expressly foreclosed by his plea agreement. Therefore, the waiver should be enforced and the case should be dismissed based upon that waiver.

### B. Johnson is Inapplicable

Even if Del Moral-Bielma had not waived his right to collaterally attack his conviction, his petition is meritless. Del Moral-Bielma asserts that he is entitled to habeas relief in light of the recent Supreme Court decision Johnson v. U.S., 135 S. Ct. 2551(2015). For the reasons discussed below, Johnson does not apply to Del Moral-Bielma's case, because he was not sentenced under the Armed Career Criminal Act ("ACCA").

In Johnson, the Supreme Court reviewed the lower court's application of 18 U.S.C. § 924(e), the ACCA. The ACCA requires a 15-year mandatory minimum term of imprisonment for anyone who violates § 922(g), having three or more prior convictions for

5

a "serious drug offense" or a "violent felony." § 924(e)(1). The ACCA defines a "violent felony" as any crime that "is burglary, arson, or extortion, involves the use of explosives, or <u>otherwise involves conduct that presents a serious potential risk of physical injury to another.</u>" § 924(e)(2)(B) (emphasis added). The just-quoted and underlined portion of § 924 has been referred to as the Act's residual clause. <u>Johnson</u>, 135 S. Ct. at 2556.

Ultimately, the Supreme Court held that imposing an increased sentence under the ACCA's residual clause is a violation of due process. <u>Johnson</u>, 135 S. Ct. at 2557 (reasoning that the residual clause was unconstitutionally vague because it "denies fair notice to defendants and invites arbitrary enforcement by judges."). The Supreme Court has confirmed the retroactivity of <u>Johnson</u> as applied to the ACCA. See <u>Welch v. U.S.</u>, 136 S. Ct. 1257 (2016) (holding that "<u>Johnson</u> announced a new substantive rule that has retroactive effect in cases on collateral review").

While this is the theory urged by Del Moral-Bielma, none of it applies to his case. Del Moral-Bielma was not sentenced under the ACCA, which applies only to convictions for unlawfully possessing a firearm under 18 U.S.C. § 922(g). 18 U.S.C. § 924(e). Instead, he was convicted for violating 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 18 U.S.C. § 2. CR Dkt. No. 21. Furthermore, the court did not apply any enhancement in relation to the use or possession of a firearm. CR Dkt. No. 73. Therefore, regardless of its retroactive application, the holding in <u>Johnson</u> does not directly provide Del Moral-Bielma with a vehicle for relief.

### C. <u>Gonzalez-Longoria</u> Affords No Relief

Del Moral-Bielma makes the related argument that he is entitled to habeas relief because the Supreme Court's analysis of the residual clause in <u>Johnson</u> applies equally to the term "crime of violence" as contained in 18 U.S.C. § 16. Dkt. No. 1. Section 16 defines a "crime of violence" as

> (a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

A Fifth Circuit panel recently addressed this issue in U.S. v. Gonzalez-Longoria, 813 F.3d 225 (5th Cir. 2016). There, the panel concluded that the statutory definition of "crime of violence" found at 18 U.S.C. § 16 is also unconstitutionally vague, because it "requires courts both to imagine an ordinary/archetypical case and then to judge that imagined case against [an] imprecise standard." Gonzalez, 813 F.3d at 235.

Any relief that Del Moral-Bielma may have found in that decision was short-lived; the panel opinion was withdrawn and the case was considered by the Fifth Circuit en banc.[2]

The Fifth Circuit, sitting en banc, unequivocally held that "18 U.S.C. § 16(b) is not unconstitutionally vague." U.S. v. Gonzalez-Longoria, — F.3d —, 2016 WL 4169127, at *1 (5th Cir. Aug. 5, 2016) (en banc). Thus, Del Moral-Bielma finds no relief under Gonzalez-Longoria.

Furthermore, Del Moral-Bielma's sentence was not enhanced for a "crime of violence" under either 8 U.S.C. §1101(a)(43)(F) or 18 U.S.C. § 16. See CR Dkt. No. 73, p. 7. In fact, Del Moral-Bielma's sentence was not enhanced whatsoever. Id. Instead, Del Moral-Bielma's sentence was reduced for acceptance of responsibility. Id. Accordingly, the analysis in Johnson has no applicability to Del Moral-Bielma's case.

Thus, Del Moral-Bielma's reliance on Johnson and its progeny is factually and legally misplaced. For those reasons, his claim is meritless and should be denied.

## IV. Recommendation

WHEREFORE it is **RECOMMENDED** that the Petitioner Marcos Del Moral-Bielma's Motion to Vacate, Set Aside or Correct his Sentence pursuant to 28 U.S.C. § 2255, Dkt. No. 1, be **DENIED**.

### A. Certificate of Appealability

Unless a circuit justice or judge issues a Certificate of Appealability ("COA"), a petitioner may not appeal the denial of a § 2255 motion to the Fifth Circuit. 28 U.S.C. §

---

[2] 813 F.3d 225 (5th Cir. 2016)(discussing the application of U.S.S.G. § 2L1.2(b)(1)(c), 8 U.S.C. § 1101(a)(43), and 18 U.S.C. § 16, and finding 18 U.S.C. § 16 to be unconstitutionally vague), reh'g en banc ordered, 815 F.3d 189.

2253(a),(c)(1). A petitioner may receive a COA only if he makes a "substantial showing of the denial of a constitutional right." § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). To satisfy this standard, a petitioner must demonstrate that jurists of reason could disagree with the court's resolution of his constitutional claims or that jurists could conclude that the issues presented are adequate to deserve encouragement to proceed further. Id. at 327; Moreno v. Dretke, 450 F.3d 158, 163 (5th Cir. 2006). A district court may sua sponte rule on a COA because the court that denies relief to a petitioner is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000).

After reviewing Del Moral-Bielma's § 2255 motion and the applicable Fifth Circuit precedent, the Court is confident that no outstanding issue would be debatable among jurists of reason. Although Del Moral-Bielma's § 2255 motion raises issues that the Court has carefully considered, he fails to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Accordingly, it is **RECOMMENDED** that a COA should be denied.

### B. Notice to Parties

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Andrew S. Hanen, United States District Judge. 28 U.S.C. § 636(b)(1) (eff. Dec. 1, 2009). Failure to timely file objections shall bar the parties from a de novo determination by the District Judge of an issue covered in the report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district court, except upon grounds of plain error or manifest injustice. See § 636(b)(1); Thomas v. Arn, 474 U.S. 140, 149 (1985); Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1428-29 (5th Cir. 1996), superseded

by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

      DONE at Brownsville, Texas, on August 9, 2016.

                                                  _____

                                                  Ronald G. Morgan
                                                  United States Magistrate Judge